# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Erin Ferris, individually and on behalf of all others similarly situated,<br><br>         Plaintiff,<br><br>-v.-<br><br>Resurgent Capital Services L.P.<br>and LVNV Funding, LLC,<br><br>         Defendant(s). | Civil Action No:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

  Plaintiff Erin Ferris, brings this Complaint by and through her attorneys, against Defendants Resurgent Capital Services L.P. ("Resurgent") and LVNV Funding, LLC ("LVNV"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

  1.  The Fair Debt Collection Practices Act ("FDCPA") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

1

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this action for damages and declaratory and injunctive relief on behalf of a class of New Jersey consumers arising from the Defendant's violation(s) of section 1692 et. seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

6. Plaintiff is a resident of the State of Massachusetts, County of Suffolk.

7. Defendant Resurgent is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with a service address c/o Corporation Service Company 84 State Street, Suite 400, Boston MA 02109.

8. Upon information and belief, Defendant Resurgent is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant LVNV is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with a service address c/o Corporation Service Company, 84 State Street, Boston, MA 02109.

10. Upon information and belief, Defendants LVNV is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

    a. all individuals with addresses in the State of Massachusetts;

    b. to whom Defendant Resurgent sent collection letters attempting to collect a consumer debt;

    c. on behalf of Defendant LVNV;

    d. that included materially misleading and contradictory language regarding the status of a consumers dispute as well as the method of communication a consumer must use in order to assert their dispute rights under 15 U.S.C. §§ 1692g

  e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class are the Defendant and all officer, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's letter, violates 15 U.S.C. §§ l692e, 1692f and 1692g.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's imposition of a processing fee, violates 15 USC §l692e, 1692f and 1692g.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single

forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## **FACTUAL ALLEGATIONS**

20. Plaintiff repeats the above allegations as if set forth here.

21. Some time prior to November 2021, Plaintiff allegedly incurred a debt to Comenity Bank.

22. The alleged debt arose out of non-payment for personal purchases made on a credit card for personal, family or household use.

23. The alleged Comenity Bank obligation is a "debt" as defined by 15 U.S.C. § 1692a (5).

24. Eventually Defendant LVNV purchased this defaulted debt.

25. Since the debt was in default at the time of purchase LVNV is a debt collector.

26. Upon information and belief, LVNV contracted with Resurgent to collect the alleged debt.

27. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – November 1, 2021 and November 2, 2021 Letters*

28. On or about November 1, 2021 and November 2, 2021 Resurgent, on behalf of LVNV, sent the Plaintiff letters regarding the alleged debt owed. Copies of these letters are attached as Exhibit A.

29. The first letter states, "we have received a recent inquiry regarding the above referenced account and have enclosed the account summary which provides verification of the debt."

30. The second letter states that the defendants have initiated a review of the inquiry we recently received and references another collection agency Ratchford Law Group.

31. The letter continues "For further assistance, please contact one of our Customer Service Representative toll-free at 1-866-464-1187."

32. The second letter further states, "Unless you notify us within 30 days after receiving this notice that you dispute the validity of this debt or any portion of it, we will assume this debt is valid."

33. The second letter concludes, "This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector."

34. The letters from Defendants are confusing and deceptive.

35. The first letter states that her validation rights have concluded.

36. The second letter leads Plaintiff to believe that her account is again under review and that she does not need to dispute the debt, but the thirty-day dispute notice suggests the opposite by stating that she has thirty days to dispute the debt.

37. In addition, if Defendants already validated the debt, it was confusing or deceptive for Defendants to state "Unless you notify us within 30 days after receiving this notice that you dispute the validity of this debt or any portion of it, we will assume this debt is valid".

38. This language confused Plaintiff because Plaintiff did not want the debt to be assumed valid and, according to the language in the letter, was required to dispute the debt again.

39. It appears to Plaintiff that additional steps are necessary to dispute the debt.

40. The statements in the letters are therefore deceptive and confusing as to Plaintiff's rights and what additional actions Plaintiff must take, if any.

41. Alternatively, the letters are deceptive and misleading because Plaintiff's 1692g rights were not yet exercised.

42. A debt collector is required, pursuant to 15 U.S.C. § 1692g (a) to include certain notices in an initial collection letter.

43. "Within five days after the initial communication with a consumer in connection with the collection of any debt" a debt collector must "send the consumer a written notice containing "A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector".

44. Here, even if she had disputed the debt prior, Plaintiff's § 1692g rights were not implicated until she had received the § 1692g notice, which was included for the first time in the second letter.

45. Therefore, any prior inquiry, review, and validation existed separate and apart from Plaintiff's statutory rights under § 1692g.

46. Despite Plaintiff's prior actions, Plaintiff could exercise her new rights pursuant to §1692g and dispute the debt within thirty days of the second letter.

47. Yet the first letter, states "We have received a recent inquiry regarding the above-referenced account and have enclosed the account summary which provides verification of the debt" making it appear (incorrectly) as if Plaintiff can no longer exercise her §1692g rights.

48. Additionally, the suggestion that Plaintiff call to discuss for further assistance misled her by implying that a phone call is sufficient to discuss all facets of the account including disputing the debt, when in reality, in order to properly assert all her rights, Plaintiff must put the dispute in writing.

49. Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

50. Plaintiff would have pursued a different course of action were it not for Defendants' statutory violations.

51. In addition, Plaintiff suffered emotional harm due to Defendants' improper acts.

52. These violations by Defendants were knowing, willful, negligent and/or intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

53. Defendants' collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, *inter alia*, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

54. Defendants' deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts because Plaintiff could not adequately respond to Defendants' demand for payment of this debt.

55. Defendants' actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendants' debt collection.

56. Plaintiff was confused and misled to his detriment by the statements in the dunning letter, and relied on the contents of the letter to his detriment.

57. As a result of Defendants' deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

58. Plaintiff repeats the above allegations as if set forth here.

59. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

60. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

61. Defendants violated § 1692e by using false representations and/or deceptive means to collect the alleged debt.

62. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

63. Plaintiff repeats the above allegations as if set forth here.

64. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

65. Pursuant to 15 U.S.C. § 1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

66. Defendants violated this section by unfairly attempting to collect the alleged debt.

67. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

68. Plaintiff repeats the above allegations as if set forth here.

69. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

70. Pursuant to 15 USC §1692g:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> 1. The amount of the debt;
> 2. The name of the creditor to whom the debt is owed;
> 3. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any

    portion thereof, the debt will be assumed to be valid by the debt-collector;

4. A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

71. Defendants violated 15 U.S.C. § 1692g by overshadowing the required notices.

72. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

73. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Erin Ferris, individually and on behalf of all others similarly situated, demands judgment from Defendants Resurgent and LVNV as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Scott Bernstein, Esq., as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: April 11, 2022                              Respectfully submitted,

**Skolnick Legal Group, P.C.**

s/ Scott Bernstein
By: Scott Bernstein, Esq.
103 Eisenhower Pkwy
Roseland, New Jersey 07068
(203) 246-2887
scott@skolnicklegalgroup.com

*Attorneys for Plaintiff*

Case 1:22-cv-10536-PBS    Document 1    Filed 04/11/22    Page 14 of 14